**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIA YAQUELIN ULLOA PINEDA,<br><br>*Petitioner*,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>*Respondents*. | Civil Action No. 26-cv-09594<br><br>**ORDER**<br><br>August 29, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner, Dania Yaquelin Ulloa Pineda ("Petitioner"), pursuant to 28 U.S.C. § 2241 challenging the legality of her continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner is a native and citizen of Honduras who is presently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Delaney Hall Detention Facility in Newark, New Jersey (*id.* ¶¶ 3, 18, 22); and

**WHEREAS**, Petitioner alleges that she entered the United States without inspection on or about June 24, 2022, thereafter established residence in New Jersey (*id.* ¶¶ 19–20); and

**WHEREAS**, Petitioner alleges that ICE detained her on July 29, 2026, when she appeared for a credible-fear interview, and thereafter transferred her to the Delaney Hall Detention Facility, where she remains detained (*id.* ¶ 22); and

**WHEREAS**, Petitioner alleges that she has no criminal record and alleges that she is *prima facie* eligible for asylum and protection under the Convention Against Torture and intends to seek such relief before the Executive Office for Immigration Review (*id.* ¶¶ 23–25); and

**WHEREAS**, Petitioner challenges the legality of her detention, rather than the merits of her underlying removal proceedings, and contends that her continued detention lacks a valid statutory predicate and violates the Fifth Amendment's Due Process Clause (*id.* ¶¶ 6–7); and

**WHEREAS**, Respondents filed a Response (ECF No. 5) to the Petition on August 7, 2026, which contends Petitioner was initially processed under 8 U.S.C. § 1225(b)(1) in June 2022, but was thereafter granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A), which expired on June 23, 2023 (ECF No. 5 at 2); and

**WHEREAS**, notwithstanding that prior parole, Respondents contend that Petitioner remained an applicant for admission subject to § 1225(b)(1), and that her subsequent detention is therefore mandatory (*id.* at 3); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF Nos. 5, 6), and the Reply (ECF No. 7) and resolves the matter on the controlling statutory framework; and

**WHEREAS**, the Court is not persuaded that Petitioner's prior humanitarian parole permits Respondents to rely upon § 1225(b)(1) as the statutory basis for her present detention; Section 1225(b)(1)(A)(iii)(II) applies to a noncitizen who "has not been admitted or paroled into the United States," and Petitioner was, by Respondents' own admission, previously paroled into the United States pursuant to § 1182(d)(5)(A) (*id.* at 2–3); *see Rivas Rodriguez v. Rokosky*, No. 25-17419 (CPO), 2025 WL 3485628, at *2 (D.N.J. Dec. 3, 2025); and

**WHEREAS**, *Rivas Rodriguez* rejected the contention that a noncitizen who has previously been paroled under § 1182(d)(5)(A) may thereafter be detained under § 1225(b)(1), concluding that the plain language of § 1225(b)(1)(A)(iii)(II) does not permit § 1225(b)(1) to serve as the basis for detention where the noncitizen was previously paroled into the United States; *Rivas Rodriguez*, 2025 WL 3485628, at *2; and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366. The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 29th day of August 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to her; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

Karen M. Williams

**Hon. Karen M. Williams,**
**United States District Judge**